IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DeROO,

                        Petitioner,

    v.

CAROL HOLINKA, Warden,

                        Respondent.

OPINION and ORDER

10-cv-95-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Aaron DeRoo is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, petitioner contends that the Bureau of Prisons violated his constitutional right to due process and the federal regulations governing inmate appeals when it rejected his appeals of eight disciplinary decisions that resulted in the loss of good-time credits. Petitioner is asking for reinstatement of the 201 days of good time he lost as a result of these disciplinary decisions and expungement from his record of the related incident reports or, in the alternative, an order directing the Bureau of Prisons to allow a meaningful appeal of the disciplinary hearing decisions.

      I conclude that the petition must be dismissed. Although petitioner is asking for

1

reinstatement of good time, his actual claim is that the Bureau of Prisons has denied him the opportunity to appeal the old disciplinary decisions that led to the loss of that good time. If he were to prevail, he would be entitled to no more than an order requiring the Bureau to hear his appeals, not one requiring it to grant them.  Thus, petitioner's claim is not a proper habeas claim.  I conclude also that even if petitioner had used a more appropriate vehicle for his claim, such as the Administrative Procedure Act, 5 U.S.C. § 706(2)(B), he would not be entitled to an order requiring the Bureau to consider his appeals because he waited too long to bring them.

This habeas corpus action is an outgrowth of a previous habeas petition filed by petitioner on April 22, 2009, <u>DeRoo v. Holinka</u>, 09-cv-247-bbc, that I dismissed on October 22, 2009.  In that petition, petitioner contended that he had been denied due process because prison officials failed to issue any written statements indicating the evidentiary basis or reasoning for the denial of his good-time credits for eight incident reports issued between February 2000 and June 2005.  After the record had been developed in that habeas case, I concluded that petitioner was not given reports of the disciplinary hearings until August 2009, which was between four and nine years after the disciplinary hearings at issue took place.  However, respondent provided copies of all eight hearing officer reports to petitioner on August 30, 2009 and informed him of his right to appeal.  Ordinarily, under 28 C.F.R. § 542.14(a), a prisoner must appeal a disciplinary hearing decision within 20 days of

2

receiving the disciplinary hearing officer's written report. However, given the number of reports that petitioner wished to appeal, Paul Zills, a case manager at the Oxford Correctional Institution, provided petitioner a statement to include with any appeals, indicating that he should be given a reasonable extension of time to file his appeals. I found that because petitioner had been given copies of the reports, his constitutional right to due process had not been violated and I dismissed the petition. Petitioner appealed the dismissal and the appeal is pending before the Court of Appeals for the Seventh Circuit.

In the present petition, petitioner contends that he attempted to appeal the decisions of the eight disciplinary proceedings through the prison grievance process. He filed the appeals with the Bureau of Prisons on November 25, 2009 and included the written statement from case manager Zills suggesting that petitioner be given a reasonable extension of time to appeal. The Bureau rejected petitioner's appeals as untimely and did not consider the merits of his appeals. Petitioner contends that because the Bureau rejected his appeal improperly, he is entitled to habeas relief.

Before turning to the merits of petitioner's claim, I must determine whether petitioner's claim is properly raised in a habeas corpus action under 28 U.S.C. § 2241. I conclude that it is not. Habeas corpus is reserved solely for those claims in which the prisoner's success would entitle him to release from custody or a shorter duration of confinement. Hill v. McDonough, 547 U.S. 573, 579 (2006) (habeas is appropriate vehicle

3

when judgment in prisoner's favor would "necessarily impl[y]" that conviction was invalid). In this case, the most petitioner could expect if he succeeded on his claim would be an order requiring the Bureau of Prisons to consider the merits of his appeals of his previous disciplinary hearing decisions. It would not entitle him to release from custody, a shortened sentence or even a declaration of invalidity of the previous disciplinary decisions that led to the loss of his good time. Therefore, I conclude that no relief under § 2241 is warranted. Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004) (holding that habeas proceeding inappropriate for challenges to Bureau of Prisons' interpretation of 18 U.S.C. § 3621(e) because "victory in [the] litigation would not entitle [the petitioner] to [a] change in the duration or . . . the location of his confinement."

Petitioner's claim against the Bureau for violating federal regulations or the Constitution would be brought more appropriately under the Administrative Procedures Act. Under that Act, 5 U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity." However, I note that even if petitioner had brought his claim under the Administrative Procedures Act, I would have had to dismiss it for failure to state a claim on which relief may be granted.

The problem with petitioner's argument is that the Bureau did not actually violate the Constitution or federal regulation when it refused to hear his appeals. Petitioner cannot

4

state a claim for due process violations because, as I concluded in petitioner's previous habeas case, 09-cv-247-bbc, "petitioner has received all the process he was due." Prisoners are not afforded the full panoply of rights in prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credits, as in petitioner's case, the requirements of due process require only that the inmate receive (1) advance written notice of at least 24 hours of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the of the evidence relied on and the reasons for the disciplinary actions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985); McPherson v. McBride, 188 F.3d 784, 785-86 (7th Cir. 1999). Petitioner does not contend that he was deprived of any these due process protections. He contends only that he was deprived of the right to have the Bureau undertake a meaningful review of the eight disciplinary decisions, but I have found no authority suggesting that the due process clause provides such a right. Even if petitioner did have a due process right to appeal through the prison grievance system, the Bureau has the authority and discretion to place time limits on appeals in order to carry out due process expeditiously. Forbes v. Trigg, 976 F.2d 308, 316 (7th Cir. 1992) (explaining that correctional officials may place reasonable limits on disciplinary process to further

5

correctional goals). As explained below, petitioner did not appeal the disciplinary decisions in a timely manner. Thus, dismissal of his appeals is not a violation of his due process rights.

In addition, the Bureau did not violate 28 C.F.R. § 542.14(a). The Bureau provided copies of the disciplinary hearing reports to petitioner on August 30, 2009. Petitioner chose to wait until November 25, 2009, 87 days after receiving the reports, to file an appeal through the prison grievance system. Petitioner contends that it was improper for the Bureau to reject his appeals as untimely, because the 20-day period for filing an appeal through the prison grievance system will not commence until after the court of appeals rules on his appeal. In the alternative, petitioner contends that the earliest the 20-day period commenced was on October 22, 2009, the date this court ruled on his previous habeas petition. Also, petitioner contends that he relied on the Bureau's promise to give him a reasonable extension of time to file his appeals and the Bureau violated that promise by failing to provide him a reasonable extension of time. Petitioner's arguments lack merit.

Petitioner has cited no law to support his alternative contentions that the 20-day period for filing an appeal through the prison grievance system will begin on the day the court of appeals rules on petitioner's appeal or that the 20-day period began when I issued the October 22, 2009 order in case number 09-cv-247-bbc. He implies that the language of the October 22 order supports such a conclusion. In the order, I concluded that, although it was unfortunate that the Bureau had waited so long to give disciplinary hearing reports

6

to petitioner, "appropriate relief in [the] situation [was] to provide petitioner with copies of the disciplinary hearing officer reports and an opportunity to appeal his loss of good-time credits." However, I added that "[r]espondent has already provided this relief." When I issued the order, I did not know whether petitioner had already filed appeals of the disciplinary decisions or how such appeals would be resolved by the Bureau. Thus, I told petitioner that I would not consider any of his arguments about the meaningfulness of his appeals or the appellate process, because those arguments were not ripe. I did not tell petitioner that he could wait until November 2009 to file his appeals.

Finally, there is no evidence that the Bureau told petitioner that he could wait 87 days after receiving the disciplinary hearing reports to file his appeals. When case manager Zills recommended to the Bureau of Prisons regional counsel that petitioner be given a "reasonable" extension of time to file his appeals, Zills did not suggest that this reasonable extension of time would include waiting for an order on the pending habeas case from the district court or court of appeals. In the affidavit he filed on September 10, 2009, in DeRoo v. Holinka, 09-cv-247-bbc, dkt. #12, Zills stated that "[i]nmate DeRoo's appeal rights commence from the date he receives a copy of the DHO report; therefore, inmate DeRoo has 20 days from August 30, 2009 to appeal the DHO decisions." Also, in respondent's September 8, 2009 response to the order to show cause in case 09-cv-247-bbc, dkt. #6, respondent stated that "[p]etitioner can still file appeals within 20 days of being provided

7

with the reports on August 30, 2009." Given these clear statements of the Bureau's position, petitioner should have known that the Bureau would calculate the 20-day deadline from August 30, 2009, not from the date of the October 22, 2009 order or the date that the court of appeals issues an order in this case. Although the Bureau told petitioner that it would provide him a "reasonable" extension of time, it is within the Bureau's discretion to determine that an appeal filed 67 days after the deadline is unreasonably late. If petitioner wished to have the Bureau review the disciplinary hearing officer reports, he should have complied with the deadline set forth in 28 C.F.R. § 542.14(a), regardless of ongoing litigation. Unfortunately for petitioner, he may have missed his chance to appeal the disciplinary hearing officer decisions through the prison grievance system. If so, it is not because the Bureau violated any law or any provision of the United States Constitution.

ORDER

IT IS ORDERED that

1. Aaron DeRoo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed to enter judgment for respondent Carol Holinka and

close this case.

        Entered this 18th day of March, 2010

                BY THE COURT:

                /s/

                _____
                BARBARA B. CRABB
                District Judge